**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP DAVIS, | ) | CASE NO. CV 09-04240 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff seeks review of the Social Security Commissioner's decision denying his application for disability benefits. His application was grounded on his back problems, and he specifically identified "severe back pain, herniated disc, lumbar spine impairment" as the difficulties that prompted his application. [AR 124] He identified the doctors who had treated his back problems [AR 126], the clinic where imaging was performed [AR 127], and the types of radiologic scans that had been conducted. [AR 128] The Administrative Law Judge conducted a hearing, at which Plaintiff testified about his orthopedic problems [AR 26-39], and the Administrative Law Judge rendered a decision, identifying Plaintiff's impairments as "degenerative disc disease of the cervical and lumbar spine" [AR 13], and evaluating the evidence with respect to those impairments. [AR 11 *et seq.*]

After all the development by Social Security with respect to Plaintiff's back problems, Plaintiff now seeks review in this Court on an entirely different basis. His argument to this Court has nothing to do with his back problems. Instead, he says that the Administrative Law Judge erred with respect to a supposed issue of depression, an issue that Plaintiff himself never asserted, never saw a doctor for, never took medication for, and does not appear as any sort of focus in the record. This is all because, at a consultative examination for Plaintiff's back, Plaintiff told the doctor that his back problems had depressed him for the previous five months [AR 257], and the doctor, almost as an aside, mentioned that Plaintiff should have a psychiatric evaluation. [AR 260] Plaintiff now has picked a few phrases out of a record of nearly 300 pages, and asks the Court to remand the matter for further development.

The Court will not do so. The Administrative Law Judge discharged his obligation. Contrary to Plaintiff's (new) argument, the Administrative Law Judge had no obligation to develop the record further. That is an obligation that arises only when necessary to clarify some ambiguity or inadequacy in the evidence, *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)), not to follow a tangent buried within the record that fully addressed the impairment of which Plaintiff complained. Nor were there any credibility issues with respect to Plaintiff's alleged depression, because Plaintiff did not allege that any depression existed or impaired his ability to work.

The proceedings in this Court present no basis for reversal or remand. The decision of the Commissioner is affirmed.

DATED: June 3, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE